**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION**

| | |
|---|---|
| Gaia Leasing LLC, | Court File No. 09cv1067 DJD/FIN |
| Plaintiff, | |
| vs. | **MOTION TO DISMSISS,** |
| | **OR ALTERNATIVELY, REFER CASE** |
| Wendelta, Inc., | **TO BANKRUPTCY COURT** |
| Defendant. | |

**COMES NOW** Defendant Wendelta, Inc. ("Wendelta"), and moves this Court to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(h)(3), and 17.  Dismissal under the foregoing Rules is appropriate, because this Court lacks subject-matter jurisdiction over the claims presented, Gaia is not a real party-in-interest, and Gaia fails to state a claim upon which relief can be granted.

Wendelta alternatively requests that this Court apply and enforce 11 U.S.C. § 362 and 28 U.S.C. § 157 to refer this matter to the United States Bankruptcy Court, District of Minnesota.  That bankruptcy court is currently presiding over the bankruptcy matter of LGI Energy Solutions, Inc. ("LGI") — the alleged assignor of the contracts in this case.[1]  Because this case arises out of bankruptcy law and concerns leases and equipment of LGI's bankruptcy estate, this Court lacks subject matter jurisdiction over Gaia's claims.  This

---

[1]  The referenced District of Minnesota bankruptcy matter is docketed as Case No. 09-40665 ("the Bankruptcy Case").

dispute is a core proceeding under 28 U.S.C. § 157(b)(2)(G), (M), (N), and (O), and should either be dismissed or referred to the bankruptcy court.

In support of this motion, Wendelta relies upon the pleadings filed in this case, including the exhibits attached thereto, and the accompanying Memorandum of Law. Wendelta also relies on the pleadings filed in *In re LGI Energy Solutions*, Case No. 09-40665 (Bkrtcy. D. Minn. Feb. 6, 2009), of which this Court may take judicial notice without converting this motion to dismiss to a motion for summary judgment.  Together these pleadings establish the following bases for Wendelta's motion:

1. Gaia's Complaint is premised on a transfer of lease rights from LGI (the purported assignor) to Gaia (the purported assignee) that was to occur on April 1, 2009.

2. Nearly two months prior to that however, on February 6, 2009, LGI had filed for Chapter 7 bankruptcy in the District of Minnesota, where upon its property, rights and interests automatically became the property of the bankruptcy estate and were non-transferable absent approval of the bankruptcy court.

3. Gaia was aware of the bankruptcy matter, as evidenced by bankruptcy counsel for Gaia[2] filing a notice of appearance in the Bankruptcy Case on March 20, 2009.

4. Notwithstanding Gaia's knowledge of and participation in the Bankruptcy Case, Gaia filed suit against Wendelta on April 16, 2009.

---

[2] Gaia's counsel in this case was not the counsel who filed the notice of appearance in the Bankruptcy Case.

5.  Gaia seeks to profit from and exercise control over the LGI bankruptcy estate's property and to force Wendelta to make lease payments to it instead of the LGI bankruptcy estate.[3]

WHEREFORE, Wendelta moves the Court for an order dismissing this case pursuant to Rules 12(b)(1), 12(b)(6), 12(h)(3), and 17 of the Federal Rules of Civil Procedure, or in the alternative, for an order referring this case to the bankruptcy court pursuant to 28 U.S.C. § 157.

Date: June 25, 2009

FLYNN, GASKINS & BENNETT, LLP

*s/ Sonia Miller-Van Oort*
Sonia Miller-Van Oort, #0278087
Ashley A. Wenger, #0388340
333 South Seventh Street, Suite 2900
Minneapolis, Minnesota 55402
Phone: (612) 333-9500
Fax: (612) 333-9579
Email: smiller@flynngaskins.com

BUTLER SNOW O'MARA STEVENS & CANNADA, PLLC

Danny Van Horn, *pro hac admission*
6075 Poplar Avenue, 5th Floor
Memphis, TN 38119
Direct: (901) 680-7331
Fax: (901) 680-7201
***Attorneys for Defendant***

---

[3] Wendelta contends that LGI materially breached its agreements with Wendelta before April 1, 2009, and prior to LGI's filing of the bankruptcy petition. Moreover, express conditions precedent to the agreements between Wendelta and LGI were not met. Accordingly, Wendelta disputes that it owes any lease payments to LGI or any potential successor including the trustee in bankruptcy.