UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| Gaia Leasing LLC,<br><br>Plaintiff,<br><br>vs.<br><br>Wendelta, Inc.,<br><br>Defendant. | Court File No. 09cv1067 DJD/FIN<br><br>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY REFER CASE TO BANKRUPTCY COURT |

I.

INTRODUCTION

Plaintiff Gaia Leasing, LLC's ("Gaia's") breach-of-contract claims against Wendelta, Inc. ("Wendelta") fail as a matter of law and must be dismissed for two simple reasons. First, this Court lacks subject matter jurisdiction over Gaia's claims. Second, Gaia asserts contractual rights that are owned by the bankruptcy estate of LGI Energy Solutions, Inc. ("LGI") — not Gaia. Failing to state a claim upon which relief could ever be granted to Gaia, the Court should dismiss this case under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3), as well as 11 U.S.C. § 362 and 28 U.S.C. § 157.

Alternatively, and at a minimum, this Court should refer this case to the District of Minnesota bankruptcy court that is presiding over LGI's related bankruptcy proceedings: *In re LGI Energy Solutions*, Case No. 09-40665. The lease agreements and equipment

from which this case arises are assets of LGI's bankruptcy estate, and therefore must be administered by the Minnesota bankruptcy court overseeing that bankruptcy estate. Pursuant to 28 U.S.C. § 157, this matter is a core proceeding of the existing bankruptcy matter, and if this Court decides not to dismiss the captioned matter, Gaia's claims must at least be referred to the bankruptcy court.

As a further alternative measure, if this Court does not dismiss Gaia's claims as a matter of law or does not refer this matter to the bankruptcy court presiding over assignor LGI's bankruptcy proceedings, this Court should order that the real party in interest be substituted and/or joined in this action under Rule 17. If any claim exists, LGI's bankruptcy trustee is the real party in interest, not Gaia.

## II.

## FACTUAL BACKGROUND

**A.   Agreements between Defendant Wendelta and LGI Energy Solutions ("LGI")**

On or about November 10, 2008, LGI and Wendelta executed a Master Lease Agreement whereby Wendelta leased certain energy monitoring equipment from LGI. (See Complaint at Ex. A). Even though the Master Lease was executed on November 10, 2008, the lease term was not to begin until April 1, 2009.[1] (See Complaint at Ex. B).

---

[1] If the Court denies this motion to dismiss, Wendelta will show the Court that the Master Lease was but one of a number of agreements entered into between LGI and Wendelta on November 10, 2008. LGI attempted to assign only the Master Lease to Gaia without accounting for or dealing with the other agreements including a non-assignment provision in one of the other related agreements. Wendelta intends to argue that these agreements must be read together rather than separately, and that in any event, LGI materially breached the agreements prior to the purported assignment to Gaia. Moreover, the gap in time between execution of the lease and the April 1, 2009 start date was

**B.     LGI's Bankruptcy**

On February 6, 2009, a number of LGI's creditors filed an involuntary bankruptcy petition for LGI. See *In re LGI Energy Solutions*, Case No. 09-40665 (Bkrtcy. D. Minn. Feb. 6, 2009) (Involuntary Chapter 7) (the "Bankruptcy Case").[2] The order of relief in the Bankruptcy Case was entered on March 3, 2009. (See Bankruptcy Case Docket No. 7). Gaia's bankruptcy counsel filed a notice of appearance in the Bankruptcy Case on March 20, 2009.[3] (See Bankruptcy Case Docket No. 15).

**C.     LGI's Attempted Transfer of Lease Agreements and Assets to Gaia Post-Bankruptcy**

In November 2008, LGI and Gaia discussed and agreed to a future transfer of property and business interests under the Master Lease Agreement. (See Complaint at Ex. C, Bill of Sale and Assignment). This agreement for Purchase and Sale of Equipment and Assignment of Lease (the "Assignment") was not to take effect until April 1, 2009. (See Complaint, Ex. C at 1.)

---

intended to give LGI time to meet a condition precedent. LGI failed to meet that contingent precedent. Wendelta simply does not owe any party or entity lease payments under these circumstances. The Court need not consider these facts, however, to rule on this motion to dismiss.

[2] The Court may take notice of the public record including the bankruptcy court docket and filings without converting this motion from a Rule 12 motion to dismiss to a Rule 56 motion for summary judgment. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007); *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003).

[3] Gaia's bankruptcy counsel is different from its legal counsel in this case.

**D.     Gaia's Lawsuit**

On April 16, 2009, Gaia filed this lawsuit against Wendelta. Gaia alleges that Wendelta breached the Master Lease agreement between LGI and Wendelta and thereby caused damage to Gaia as LGI's assignee. (See Complaint at ¶¶ 6-9.)

## III.

## LAW AND ARGUMENT

**A.     Standards for Dismissal Under Rules 12(b)(1) and 12(b)(6) Vary, But Wendelta Satisfies Both Here.**

Wendelta moves for dismissal of Gaia's claims under Rules 12(b)(1), 12(h)(3), and 12(b)(6) of the Federal Rules of Civil Procedure. The standards for evaluating dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) and 12(h)(3) are similar to, but slightly different than, a dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Wendelta meets both standards.

**1.     Rule 12(b)(1) Standard**

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert the defense of "lack of subject matter jurisdiction" by motion. FED.R.CIV.P. 12(B)(1) (2009). If and when the Court determines it lacks subject matter jurisdiction over an action, "the court must dismiss the action." FED.R.CIV.P. 12(H)(1) (emphasis added).

In determining whether jurisdiction exists, a district court may weigh evidence to satisfy itself as to its power to hear a case. *Osborn v. U.S.*, 918 F.2d 724, 730 (8th Cir.1990). Under Rule 12(b)(1) and 12(h)(3), a district court may consider matters outside the pleadings to determine its jurisdiction. *Deuser v. Vecera*, 139 F.3d 1190,

1192 n. 3 (8th Cir.1998). And in doing so, the court does not convert a motion to dismiss into a motion for summary judgment. *Id.*

### 2. Rule 12(b)(6) Standard

In contrast to the 12(b)(1) standard, in deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court generally may not look outside the pleadings without converting the motion to one for summary judgment under Rule 56. FED.R.CIV.P. 12(D). The 12(b)(6) standard allows a court to consider the complaint (including exhibits attached thereto), matters of public record, and orders in deciding a motion to dismiss for failure to state a claim. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999). Courts may also consider "extra-pleading material necessarily embraced by the pleadings" without turning the motion into one for summary judgment. *Id.*; see also *Piper Jaffray Cos. v. National Union Fire Ins. Co.*, 967 F.Supp. 1146, 1152 (D. Minn.1997); *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir.), cert. denied, 527 U.S. 1039, 119 S.Ct. 2400, 144 L.Ed.2d 799, 1999 WL 319349, 67 USLW 3784 (U.S. Jun 24, 1999) (NO. 98-1848). These "extra pleading materials" may include copies of materials that are a matter of public record, documents that are referred to in the complaint, and all documents that they incorporate by reference." *Id.*

The court must assume all facts in the complaint to be true and must construe all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir.1986). In doing so, however, a court need not accept as true wholly conclusory allegations or legal conclusions drawn by the

pleader from the facts alleged. *See Ashcroft v. Iqbal*, -- U.S. --; 129 S.Ct. 1937, 1949-50; 77 USLW 4387 (U.S. May 18, 2009) (NO. 07-1015); *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir.1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 1964-65. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 1965. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The facts presented must show that recovery is more than merely possible. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*

**B.  Gaia's Claims Must Be Dismissed Under Rule 12(b)(1) and 12(h)(3), Because the Pending Bankruptcy Case Deprives this Court of Jurisdiction.**

Although LGI and Gaia discussed a future transfer of property and business interests in November, 2008, LGI no longer had possession of such assets and interests when the transfer was to occur in April 2009. Rather, those assets and interests became part of the LGI bankruptcy estate upon filing of the involuntary petition in February, 2009. The lease agreement and assets upon which Gaia now makes claims against Wendelta were owned by LGI's bankruptcy estate when Gaia filed claims against Wendelta. Accordingly, the Minnesota bankruptcy court presiding over LGI's bankruptcy estate is the only court with subject matter jurisdiction over the issues in this case. This case must therefore be dismissed on lack-of-jurisdiction grounds.

At the commencement of a bankruptcy filing, a stay is automatically issued against any act to obtain possession of property of the estate or to exercise control over property of the estate. 11 U.S.C. § 362(a)(3). The property of a bankruptcy estate includes all of the debtors' legal or equitable interests in property as of the commencement of the bankruptcy action. 11 U.S.C. § 541; *see In re Pyatt*, 486 F.3d 423, 427 (8th Cir. 2007).

The automatic stay is broad in scope and applies to almost every formal and informal action against the property of the bankruptcy estate. 11 U.S.C. § 362; *see Matter of United Imports Corp.*, 200 B.R. at 236-237. The automatic stay protects creditors by averting a scramble for the debtor's assets and promoting an orderly liquidation procedure in which all creditors are treated equally. *Id.* at 236. The

7

automatic stay also preserves the value of the bankruptcy estate against post-petition creditors who seek to exercise control over property of the estate without court approval. *See Matter of Garofalo's Finer Foods, Inc.*, 186 B.R. 414, 436 (N.D. Ill. 1995).

Civil actions concerning property of the bankruptcy estate that are filed after the pendency of a bankruptcy action are in violation of the automatic stay mandated under 11 U.S.C. § 362. *See Fields v. DeMint*, 107 B.R. 194, 195 (W.D. Mo. 1989). As a result, such complaints are void and must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). *Id.*

In *Fields v. DeMint*, the District Court for the Western District of Missouri drew a distinction between (i) cases where *a complaint was filed first* in the district court, followed by the filing of a bankruptcy petition, and (ii) cases where *a bankruptcy petition was filed first*, followed by a complaint being filed in the district court. *Id.* That court clarified that, in situations where a complaint preceded the filing of a bankruptcy petition, the district court was to stay its proceedings pending orders in the bankruptcy case. *Id.*; *see also Farley v. Henson*, 2 F.3d 273, 274 (8th Cir. 1993) (holding that the automatic stay in bankruptcy suspends the non-bankruptcy court's authority to continue a case); *Matter of United Imports Corp.*, 200 B.R. 234, 236-37 (Bkrtcy. D. Neb. 1996) (same holding). Conversely, where a bankruptcy petition is filed first, and an automatic stay is in place before a complaint is filed regarding the subject matter of the bankruptcy estate, the filing of the complaint is in violation of the automatic stay and is void. *Fields*, 107 B.R. at 195. Under those circumstances, the district court properly dismisses the civil complaint for lack of subject matter jurisdiction. *Id.*; *see also Matter of United*

*Imports Corp*, 200 B.R. at 237 (holding that filings in violation of the automatic stay are void *ab initio*); *In re Joe DeLisi Fruit Co.*, 11 B.R. 694, 696 (Bkrtcy. D. Minn. 1981) (holding that acts in violation of the automatic stay in bankruptcy are void and of no effect).

In this case, as of February 6, 2009, when LGI filed bankruptcy, LGI's lease interests and equipment became assets and interests of LGI's bankruptcy estate. At that point, LGI's assets and interests were only to be administered by the LGI bankruptcy trustee, not LGI or Gaia. Any such administration necessarily falls under the jurisdiction of the bankruptcy court.

Accordingly, on April 1, 2009 — the effective date of the Assignment — LGI did not have the authority to sell, transfer, or assign any rights or interests. Consequently, LGI's attempted assignment and transfer of property on April 1, 2009 was ineffective and is void.

Because the Complaint in this case was filed <u>after</u> the commencement of the bankruptcy action, this Court (like the *Fields* court) does not have jurisdiction over this civil action. This Court cannot exercise jurisdiction over this matter, and the case should be dismissed under Rule 12(b)(1) and 12(h)(3).

### C.    Gaia's Complaint Fails as a Matter of Law and Must be Dismissed Under Rule 12(b)(6).

As argued above, this Court lacks jurisdiction to decide this matter that involves an existing bankruptcy estate. But even if the Court concludes that it has jurisdiction to decide this matter, the Court should dismiss this case under Rule 12(b)(6). Gaia was not

a party to the Master Lease Agreement entered into by LGI and Wendelta, and LGI's subsequent attempted assignment of that agreement to Gaia is void as a matter of law. As a result, Gaia has no legally enforceable rights under the Master Lease Agreement and it therefore fails to state a claim upon which relief can be granted.

Gaia brings a claim for breach of contract. In order to establish a cause of action for breach of contract, Gaia bears the burden of proving: (1) formation of a contract, (2) performance of conditions precedent by the plaintiff and (3) breach of contract by the defendant. *Thomas B. Olson & Assoc., P.A. v. Leffert, Jay & Polglaze, P.A.*, 756 N.W.2d 907, 918 (Minn. Ct. App. 2008). Strangers to a contract acquire no rights under the contract and may not sue on it. *In re Brose*, 339 B.R. 708, 712 (Bkrtcy. D. Minn. 2006); *Northern Nat. Bank v. Northern Minnesota Nat. Bank*, 70 N.W.2d 118, 123 (Minn. 1955); *Anderson v. First Northtown Nat. Bank*, 361 N.W.2d 116, 118 (Minn. Ct. App. 1985).

As discussed above, a stay regarding assets and interests of a bankruptcy estate is imposed upon commencement of a bankruptcy action. 11 U.S.C. § 362(a)(3). Transfers that violate the automatic stay are not to be given collateral effect. *In re Rae*, 2008 WL 190377, *13 (Bkrtcy D. Minn., Jan. 18, 2008).

According to § 549 of the Bankruptcy Code, post-petition transfers may also be avoided by the trustee in bankruptcy. 11 U.S.C. § 549. Notwithstanding the Bankruptcy Code, some bankruptcy courts have read the language of § 549 to mean that voluntary

post-petition transfers are merely voidable by the trustee. *See e.g. In re Vierkant*, 240 B.R. 317, 324-25 (8th Cir. BAP 1999).[4]

The Eighth Circuit has not addressed the issue of voidability of post-petition transfers, but the weight of authority from other jurisdictions — and precedent from this district court— holds that transfers in violation of the automatic stay are invalid and without legal effect, unless and until the violation of the stay is retroactively relieved by action of the bankruptcy court. *See 40235 Washington Street Corp. v. Lusardi*, 329 F.3d 1076, 1081 (9th Cir. 2003) (criticizing older decisions akin to *Vierkant,* noting that these decisions had been arrived at without any citing authority or analysis of the bankruptcy code); *Soares v. Brockton Credit Union*, 107 F.3d 969, 976 (1st Cir. 1997); *In re Siciliano*, 13 F.3d 748, 750 (3rd Cir. 1994); *In re Rae*, 2008 WL 190377, *11 (Bkrtcy. D. Minn., Jan. 18, 2008) (recognizing the alternate theory of recovery under § 362 as opposed to § 549 and recognizing that acts in violation of the stay are void *ab initio*); *In re Ford*, 296 B.R. 537, 544-47 (Bkrtcy. N.D. Ga. 2003) (noting the split in authority and cataloging the cases for and against each trend); *In re Donovan*. 266 B.R. 862, (Bkrtcy. S.D. Iowa, 2001) (holding that acts in violation of the stay are void and that holding does not depend upon the trustee's strong arm avoidance powers); *Matter of Garofalo's Finer Foods, Inc.*, 186 B.R. 414, 436 (Bkrtcy. N.D. Ill. 1995) (holding that transfers in violation of the automatic stay are void regardless of whether the trustee exercised his avoidance powers); *In re Calstar, Inc.*, 159 B.R. 247, 255 (Bkrtcy. D. Minn. 1993)

---

[4] Decisions of Bankruptcy Appeals Panels are not controlling precedent for district courts. *See In re Carrozzella & Richardson*, 255 B.R. 267 (Bkrtcy. D. Conn. 2000).

(holding that once a petition is filed, debts that arose before the petition may not be satisfied through post-petition transactions); *In re BNT Terminals, Inc.*, 125 B.R. 963, 971-72 (Bkrtcy N.D. Ill 1990) (holding that transfers in violation of the automatic stay are void *ab initio* as opposed to voidable under § 549). Because transfers in violation of the stay do not confer any legal rights, ownership or control, rather acts or transfers in violation of the stay are a nullity.

LGI's attempted sale and assignment to Gaia should be voided for several reasons. First, the assignment itself clarifies that the transfer of assets and interests would not occur until April 1, 2009. Second, LGI's bankruptcy petition was filed almost two months prior to the purported assignment. Third, the order of relief in bankruptcy was already issued before the transfer of property was to occur. (See Bankruptcy Case Docket Nos. 1 and 7). All of LGI's attempts to transfer property were conducted outside of the bankruptcy court and occurred after the stay went into place, consequently voiding it. It cannot be disputed that the automatic stay over LGI's property was in place, and its lease and the underlying equipment were the property of its bankruptcy estate before any transfer occurred. *See* 11 U.S.C. § 362; 11 U.S.C. § 541; see also *In re Pyatt*, 486 F.3d 423, 427 (8th Cir. 2007). Under these facts, the purported post-petition transfer should be voided as a matter of law.

Voidability is further supported by the fact that Gaia clearly knew about LGI's pending bankruptcy matter, because it retained representation in that matter. Given Gaia's knowledge about and participation in LGI's bankruptcy proceeding, Gaia clearly violated the automatic stay when it (i) attempted to exercise control over LGI's property

12

and business interests, and (ii) filed a lawsuit against Wendelta, asserting interests in LGI's contracts and damages against Wendelta.

As a matter of law, Gaia has no rights or interests in the Master Agreement and cannot state a claim for breach of that contract. Only LGI and Wendelta are parties to the Master Agreement. (See Complaint, Ex. A.) And Gaia's reliance on the purported purchase and assignment of LGI's equipment and lease rights effective on April 1, 2009 is misplaced given the effect of the automatic stay in LGI's bankruptcy proceedings. In the absence of that Assignment, Gaia cannot establish the formation of the Assignment and its breach-of-contract claim fails as a matter of law. The Court should therefore also dismiss Gaia's Complaint under Rule 12(b)(6).

**D.     In the Alternative, the Court must Refer this Case to the Bankruptcy Court.**

The existence of the Bankruptcy Case prior to the filing of this case and prior to purported Assignment dooms Gaia's claims for all the reasons stated above. The Court should dismiss this case under Rules 12(b)(1), 12(h)(3), and 12(b)(6). In the alternative, however, the Court should refer this matter to the Bankruptcy Court for a resolution of the issues herein.

Pursuant to 28 U.S.C. § 157, all matters, "arising in or related to a case under title 11 ***shall be referred*** to the bankruptcy judges for the district." 28 U.S.C. § 157(a) (emphasis added); *see also In re Investment and Tax Services, Inc.*, 1989 WL 62098, 4 (D.Minn.,1989) (noting that referral of all bankruptcy cases and all proceedings arising under, in, or related to such bankruptcy cases to the bankruptcy judges of this court for determination appropriate under local rules). Determining whether a matter arises in or

relates to title 11, district courts are to consider whether the dispute before it is a "core proceeding." 28 U.S.C. § 157(b). Core proceedings include: motions to terminate, annul or modify the stay; orders approving the use or lease of property, including cash collateral; orders approving the sale of property and other proceedings affecting the liquidation of assets of the estate. 28 U.S.C. § 157 (b)(2) (G), (M), (N) & (O).

Civil proceedings in a bankruptcy case are divided into two categories, core proceedings and non-core, related proceedings. *Abramowitz v. Palmer*, 999 F.2d 1274, 1277 (8th Cir. 1993). Core proceedings under 23 U.S.C. § 157 are those which arise in bankruptcy or involve a right created by federal bankruptcy law. *Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987); *see* 28 U.S.C. § 157(b)(2). Non-core, related proceedings are those which do not invoke a substantive right created by federal bankruptcy law and could exist outside of a bankruptcy, although they may be related to a bankruptcy. *Wood*, 825 F.2d at 97.

The disputes raised by Gaia necessarily implicate core proceedings in bankruptcy. The underlying property is property of the estate. Any cash recovery for the leases in this case would also be property of the estate. Gaia has no rights in the underlying equipment or the leases unless the Bankruptcy Court were to grant retroactive relief from the stay. Moreover, the Court's rulings in this case would necessarily effect the liquidation of assets of the LGI bankruptcy estate.

Although Wendelta believes outright dismissal of this matter is appropriate under the Federal Rules of Civil Procedure, if the Court is not inclined to do so, then referral to

the bankruptcy court is necessary, appropriate and required. Wendelta, therefore, respectfully requests referral in the alternative to dismissal.

E.   **Gaia is Not a Real Party in Interest, and If the Court Does Not Dismiss Gaia's Claims or Refer Them to the Bankruptcy Court, this Court should Exercise its Authority to Require Substitution and/or Joinder of LGI Under Rule 17.**

Rule 17 of the Federal Rules of Civil Procedure provides that an action must be prosecuted in the name of the real party in interest. FED.R.CIV.P. 17(A). This rule requires that the party who brings an action actually possess, under the substantive law, the right sought to be enforced." *United Health Care Corp. v. American Trade Ins. Co., Ltd.*, 88 F.3d 563, 569 (8th Cir. 1996); see also *consul Gen. of Republic of Indonesia v. Bill's Rentals, Inc.*, 330 F.3d 1041,1045 (8th Cir. 2003); 4 James Wm. Moore, et al., *Moore's Federal Practice* § 17.10[1] (3d ed.2007). The purpose of Rule 17 is to "protect the defendant against a subsequent action by the party actually entitled to recovery, and to insure generally that the judgment will have its proper effect as res judicata." Committee Note of 1966 to Amended Rule 17(a); see also *Dubuque Stone Prods. Co. v. Fred L. Gray Co.*, 356 F.2d 718, 723 (8th Cir. 1966).

Rule 17 does not affect jurisdiction, but relates to the determination of proper parties and the capacity to sue. 4 *Moore's Federal Practice*, § 17.13[1]; see *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 404 n.4 (8th Cir. 1977). Under the real party in interest rule, a litigant cannot sue in federal court to enforce the rights of third parties. *Rawoof v. Texor Petroleum Co., Inc.*, 521 F.3d 750, 757 (7th Cir. 2008) (citing, inter alia, *Elk Grove Unified Sch. Dist. V. Newdow*, 542 U.S. 1, 17-18 (2004)).

If the only grounds for dismissal set forth by defendant are under Rule 17, and the Court determines that the plaintiff or other claimant is not the real party in interest, then the court will allow a reasonable time to cure the party defect before dismissing the action. FED.R.CIV.P. 17(A)(3). If, after a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action, the real party does not do so, then dismissal is proper. *Id.* After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

In this case, as argued above, there was no valid assignment of property interests between LGI and Gaia. Because the transfer of assets was to occur when LGI no longer had the ability to transfer those assets and interests, that purported transfer was null and void. (See Section III (B) & (C) above.)

Although it is understood that, "<u>under a valid assignment</u>, an assignee of a claim becomes the real party in interest for that claim," that general precept does not apply in the situation of collusive assignments. 4 *Moore's Federal Practice,* § 17.11[1][a] (emphasis added). Accordingly, here, where Gaia knew about the automatic stay and still attempted to exercise control over property of the bankruptcy estate, Gaia cannot be construed as the real party in interest in this case. To the extent that anyone is asserting interests and rights in the Master Lease Agreement, and to the extent that such assertions are not inconsistent or contrary to the jurisdiction of the bankruptcy court (which they are here), that party should be LGI's bankruptcy trustee.

Under Rule 17, this Court should therefore require that the real party in interest - the bankruptcy trustee - be substituted and/or joined in this matter.

## IV.

## **CONCLUSION**

The Court should dismiss this case because it lacks jurisdiction over this matter given the prior existence of the Bankruptcy Case, *In re LGI Energy Solutions*, Case No. 09-40665 (Bkrtcy. D. Minn. Feb. 6, 2009) (Involuntary Chapter 7), and the automatic stay which went into effect <u>before</u> the filing of this case and <u>before</u> the purported Assignment, which is the basis of Gaia's claims. Gaia cannot and has not stated a claim for relief, and dismissal is warranted. In the alternative, the Court should refer the matter to the Bankruptcy Court for a resolution therein. If the Court decides not to dismiss or refer this matter, the Court should require the substitution or joinder of the bankruptcy trustee, because Gaia is not the real party in interest.

Date: July 7, 2009

        FLYNN, GASKINS & BENNETT, LLP

        <u>s/ Sonia Miller-Van Oort</u>

        Sonia Miller-Van Oort, #0278087
        Ashley A. Wenger, #0388340
        333 South Seventh Street, Suite 2900
        Minneapolis, Minnesota 55402
        Phone: (612) 333-9500
        Fax: (612) 333-9579
        Email: smiller@flynngaskins.com

BUTLER SNOW O'MARA
   STEVENS & CANNADA, PLLC

s/ Daniel W. Van Horn

Daniel W. Van Horn  (*Pro Hac* Admitted)
6075 Poplar Ave., Ste. 500
Memphis, TN 38119
Phone:  (901) 680-7331
Fax:  (901) 680-7201
E-mail:  danny.vanhorn@butlersnow.com
***Attorneys for Defendant***